## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| SHEILA LEIGH BENTLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 4:17-cv-01752-JHE |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OPINION[1]

Plaintiff Sheila Leigh Bentley ("Bentley") seeks review, pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act, of a final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her application for a period of disability and disability insurance benefits ("DIB"). (Doc. 1). Bentley timely pursued and exhausted her administrative remedies. This case is therefore ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3). The undersigned has carefully considered the record and, for the reasons stated below, the Commissioner's decision is **AFFIRMED**.

### I. Factual and Procedural History

Bentley filed her application for a period of disability and DIB, alleging she became unable to work beginning June 30, 2012. (Tr. 113-14, 120-21). The Agency initially denied Bentley's application, and Bailey requested a hearing where she appeared on December 1, 2016. (Tr. 29-55). After the hearing, the Administrative Law Judge ("ALJ") denied Bentley's claim in a decision

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 14).

dated April 17, 2017. (Tr. 14-28). Bentley sought review by the Appeals Council, but it declined her request on August 11, 2017. (Tr. 1-6). On that date, the ALJ's decision became the final decision of the Commissioner. On October 13, 2017, Bentley initiated this action. (*See* doc. 1).

Bentley was fifty-nine-years-old at the date of her application. (Tr. 36, 113). She alleged disability based on diabetic neuropathy and a repetitive movement disorder involving her tongue. (Tr. 40-50, 195-96). Bentley, a high school graduate, completed two years of college and has past relevant work as a purchasing agent. (Tr. 24, 38-39, 196, 206-07). During the relevant period, Bentley also worked part-time; however, such part-time work was at less than substantial gainful activity level and therefore does not constitute "past relevant work." *See* 20 C.F.R. §§ 404.1560(b), 404.1572.

## II. Standard of Review[2]

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this Court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This Court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

This Court must uphold factual findings supported by substantial evidence. "Substantial

---

[2]In general, the legal standards applied are the same whether a claimant seeks DIB or Supplemental Security Income ("SSI"). However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in quoted court decisions.

evidence may even exist contrary to the findings of the ALJ, and [the reviewing court] may have taken a different view of it as a factfinder. Yet, if there is substantially supportive evidence, the findings cannot be overturned." *Barron v. Sullivan*, 924 F.2d 227, 230 (11th Cir. 1991). However, the Court reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

### III. Statutory and Regulatory Framework

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3] The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 20 C.F.R. § 404.1505(a). To establish entitlement to disability benefits, a claimant must provide evidence of a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1)  whether the claimant is currently employed;

---

[3]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499.

3

(2) whether the claimant has a severe impairment;
(3) whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];
(4) whether the claimant can perform his or her past work; and
(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to the formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show such work exists in the national economy in significant numbers. *Id.*

## IV. Findings of the Administrative Law Judge

After consideration of the entire record and application of the sequential evaluation process, the ALJ made the following findings:

At Step One, the ALJ found Bentley met the insured status requirements of the Social Security Act through March 31, 2019, and that Bentley had not engaged in substantial gainful activity since her alleged onset date of June 30, 2012. (Tr. 19). At Step Two, the ALJ found Bentley has the following severe impairments: a history of lingual dystonia, cervical spondylosis, diabetes mellitus with peripheral neuropathy, asthma, and reported history of dizziness. (Tr. 19-20). At Step Three, the ALJ found Bentley did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 20-21).

Before proceeding to Step Four, the ALJ determined Bentley's residual functioning

4

capacity ("RFC"), which is the most a claimant can do despite her impairments. *See* 20 C.F.R. § 404.1545(a)(1). The ALJ determined that Bentley had the RFC to perform a reduced range of light work as defined in 20 C.F.R. 404.1567(b), specifically as follows: Bentley can lift and carry up to 20 pounds occasionally and up to 10 pounds frequently. She can push and pull within those same exertional limits. She can stand or walk about six hours altogether, and she can sit for at least six hours out of an eight-hour workday. She can frequently stoop, crouch, kneel, and climb ramps and stairs. She can perform tasks not involving crawling or involving climbing of ladders, ropes, or scaffolding. She can perform tasks not involving exposure to extremes of temperature, wetness, or humidity. She can perform tasks not involving concentrated exposure to pulmonary irritants such as dust, gases, fumes, or smoke. She can perform tasks not involving the operation of vibrating tools or equipment or the operation of motorized vehicles. She can perform tasks not involving exposure to workplace hazards such as unprotected heights and dangerous moving machinery. (Tr. 21-24).

At Step Four, relying on the vocational expert's testimony (tr. 52-53), the ALJ determined Bentley is capable of performing her past relevant work as a purchasing agent. (Tr. 24). Therefore, the ALJ determined Bentley was not under a disability and denied her claim without progressing to Step Five. (Tr. 24).

## V. Analysis

Although the court may only reverse a finding of the Commissioner if it is not supported by substantial evidence or because improper legal standards were applied, "[t]his does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)). The court,

5

however, "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

Bentley challenges the Commissioner's decision on five grounds, contending: (1) the finding that Bentley can perform her past relevant work is not supported by substantial evidence or in accordance with proper legal standards; (2) the ALJ improperly rejected the opinions of Dr. Jose Oblena, the examining consultative physician, without showing good cause and substituted his own opinion; (3) the ALJ failed to apply Grid Rule 201.06, (4) the ALJ's decision was not based on substantial evidence because he relied on VE testimony that was inaccurate; and (5) the ALJ failed to consider all of Bentley's severe impairments. (Doc. 9 at 1-2, 20-35) None of these grounds supports reversal.

### A. Substantial Evidence Supports the Finding that Bentley Can Perform Her Past Relevant Work as a Purchasing Agent

At Step Four of the sequential evaluation process, the ALJ determined if Bentley could perform her past relevant work given her RFC. *See* 20 C.F.R. §404.1520(a)(4)(iv). A claimant bears the burden of proving she cannot perform her past relevant work both as she performed the job or as the job is generally performed in the national economy. *See Barnes v. Sullivan*, 932 F.2d 1356, 1359 (11th Cir. 1991). Bentley contends the ALJ erred because he did not consider all of the duties of her past work and did not properly evaluate her ability to perform those duties in spite of her impairments. (Doc. 9 at 20; doc. 12 at 1-2)

During the hearing, the ALJ obtained testimony from a vocational expert ("VE") who affirmed that she familiarized herself with Bentley's background and testified that she had reviewed exhibits of record and listened to Bentley's testimony. (Tr. 51-52). The record includes Bentley's "Work History Report" detailing the exertional and non-exertional requirements of her past relevant work as a purchasing agent. (Tr. 206-07). Bentley also testified at the hearing that

the job required lifting ten pounds "at most." (Tr. 38-39). The VE identified Bentley's past relevant work as the "purchasing agent," as described in the Dictionary of Occupational Titles (DOT) job number 162.157-03, light-level work involving a combination of standing, sitting, and walking. (Tr. 52). The VE then testified that an individual with Bentley's vocational factors and the limitations, as reflected in her RFC finding, could perform that work as Bentley specifically performed it (as described in the Work History Report and by Bentley's testimony) and as generally performed in the economy. (Tr. 52-53).

The ALJ set forth Bentley's RFC, identified Bentley's past relevant work, and relied on the VE's testimony to find Bentley not disabled. (Tr. 24). Therefore, the VE's testimony provides substantial evidence that Bentley could perform her past relevant work as a purchasing agent as she performed the job and as the job is generally performed in the national economy. *See* 20 C.F.R. § 404.1560 (b)(2). Either finding is sufficient to support the conclusion that Bentley was not disabled.

To the extent Bentley argues the ALJ was required to make specific findings regarding the physical demands of her past relevant work, the record contains Bentley's detailed report and testimony regarding the demands of the purchasing agent job as well as the VE's testimony and the DOT. Bentley fails to point to any inconsistency between her RFC and the physical demands of the purchasing agent job, as actually or generally performed, or anything the ALJ failed to consider. (*See* doc. 9 at 20-24; doc. 12 at 1-6). Furthermore, Bentley's attorney could have further questioned Bentley at the hearing regarding her past relevant work, but he did not. Given the opportunity to cross-examine the VE on this issue, Bentley's attorney declined. (Tr. 53)

Accordingly, the ALJ properly developed the record and sufficiently considered Bentley's past relevant work.

**B. The ALJ Properly Discounted One of Dr. Jose Oblena's Opinions**

Bentley next contends the ALJ improperly rejected the opinion of Dr. Jose Oblena, who performed a consultative physical examination and opined "[t]his patient will have a difficult time to find [sic] and keep a job." (Doc. 9 at 24-32, doc. 12 at 6-8) (Tr. 23, 407). Dr. Oblena performed a consultative examination on June 30, 2015. (Tr. 405-07). As the ALJ noted, Dr. Oblena's physical examination findings were unremarkable. Bentley had normal gait and no problems getting on and off of the examination table. (Tr. 406). There was no evidence of ataxia or spasticity, Bentley could squat and do heel/toe walk and had full strength in her limbs and grip. (*Id.*). An MRI showed Bentley's brain was normal, and Dr. Oblena assessed a history of idiopathic palatal and tongue myoclonus as well as diabetic neuropathy. (*Id.*). The ALJ accorded all of these findings substantial weight.

At the end of his assessment, Dr. Oblena commented that "[t]his patient will have a difficult time to find [sic] and keep a job." (Tr. 407).[4] The ALJ properly accorded this incidental comment little weight. (Tr. 23). Opinions of non-treating medical sources are not entitled to deferential status but are to be accorded weight based on several factors. 20 C.F.R. § 404.1527(c). These factors include the source's examining and treating relationship with the claimant, the evidence the source presents to support his opinion, and the consistency of the opinion with the record as a whole. *Id.* Additionally, opinions from any source on issues such as whether a claimant is disabled are not medical opinions; they are opinions on dispositive issues reserved for the Commissioner,

---

[4] To the extent Dr. Oblena's comment addresses Bentley's ability to find a job and be hired, that issue is not material to the disability evaluation. The issue is whether the claimant is capable of work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1566(a).

which are not due deferential treatment. 20 C.F.R. § 404.1527(d).

Dr. Oblena's opinion that Bentley would have difficulty finding and keeping a job pertains to an issue reserved for the Commissioner, thus the ALJ properly discounted it on that basis. 20 C.F.R. § 404.1527(d)(3); *see* SSR 96-5p, 1996 WL 374183 (opinions on issues reserved to the Commissioner are not entitled to any special weight of deference). The ALJ considered the evidence of record and found Bentley's impairments, including her lingual dystonia and diabetic neuropathy, did not preclude the reduced-range of light work set forth in the ALJ's RFC finding. (Tr. 21-24). The ALJ found Bentley's ability to perform a wide range of activities of daily living, including some level of cooking, working, driving, shopping, and socializing, in combination with the medical evidence demonstrating minimal abnormalities and significant strength, reflects a significant functioning capacity, and not an inability to sustain regular and continuing work. (Tr. 23-24, 38, 206-07, 216-19, 405-07). Specifically, as to Bentley's tongue impairment, the ALJ explained records do not indicate it caused significant functional limits. (Tr. 24, 206, 412). Substantial evidence supports the ALJ's RFC finding, specifically his decision to discount Dr. Oblena's opinion regarding whether Bentley could "find" and "keep" work.

**C. The ALJ Was Not Required to Apply the Grids**

Bentley contends the ALJ erred when he failed to apply Grid Rule 201.06, which provides that if the claimant is advanced age, has a high school education or more, has previous work experience consisting of skilled or semi-skilled with non-transferrable skills, and is limited to sedentary work, then she must be found disabled. (Doc. 9 at 32-33). Bentley contends the ALJ's finding that Bentley is capable of a reduced-range of light work means she is only capable of a full range of sedentary work and thus must be declared disable pursuant to Grid Rule 201.06. (Doc.

9

12 at 9).

Whether the Grids would direct a finding of disability as to Bentley is immaterial because the ALJ concluded at Step Four that Bentley could perform her past relevant work.[5] (Tr. 24). 20 C.F.R. §§404.1520(a)(4)(iv), 404.1560(b)(3). The Grids may be applied, in some circumstances, to determine at Step Five whether other work exists that the claimant can perform. 20 C.F.R. §§404.1520(a)(4)(v), 404.1560(c); 404.1569(c). Having found Bentley could perform her past relevant work, the ALJ concluded she was not disabled at Step Four. (Tr. 24). The ALJ was not required to proceed to Step Five, where the Grids *could have been* applicable. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1560 (directing the ALJ to determine if the claimant can perform other work at Step Five *if* the ALJ finds the claimant cannot form her past relevant work).

**D. Substantial Evidence Supports the VE Testimony**

Bentley asserts the ALJ relied on VE testimony that was "not based on a correct or full statement of claimant's limitations and impairments." (Doc. 9 at 33). Specifically, Bentley states, "the hypothetical question relied upon did not accurately state [her] pain level or her residual functional capacity" and that it "assumed [she] could perform medium work." (*Id.*). Bentley provides an excerpt from the VE's testimony, emphasizing the portion "carry up to 20 lbs. occasionally." (*Id.*). Contrary to her assertion, this is consistent with the reduced-range of light work the ALJ assessed. 20 C.F.R. § 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. . . ."). A hypothetical question need only contain the functional restrictions the ALJ finds supported by the

---

[5] In her reply, Bentley concludes her section on this argument by stating "[t]he Commissioner argues that it is inconsequential that the ALJ did not consider the application of the grids because the ALJ found claimant could perform her past work. (Doc. 11, p. 12)." (Doc. 12 at 9). There is no response to the Commissioner's argument that the Grids are inapplicable here.

record and should not include all subjective complaints the claimant has made. *See McSwain v. Bowen*, 814 F.2d 617, 619-20 (11th Cir. 1987); *Graham v. Bowen*, 790 F.2d 1572, 1576 (11th Cir. 1986). The VE's testimony is substantial evidence supporting the ALJ's decision, and Bentley has offered nothing to show otherwise. (Doc. 9 at 33-34; doc. 12 at 9); *see also Jackson v. Social Security Admin., Comm'r*, -- Fed. Appx. --, 2019 WL 3407175, at *3 (11th Cir. July 29, 2019) (noting a lack of analysis to support an argument means the claimant has abandoned any challenge to the factual accuracy of the ALJ's conclusion).

### E. Severe Impairments

Bentley complains the ALJ erred when he did not consider several of Bentley's severe impairments. (Doc. 9 at 34-35). "The finding of any severe impairment . . . is enough to satisfy step two because once the ALJ proceeds beyond step two he is required to consider the claimant's entire medical condition, including impairments the ALJ determined were not severe." *Burgin v. Comm'r of Soc. Sec.*, 2011 WL 1170733, at *1 (11th Cir. Mar. 30, 2011). Because the ALJ found Bentley had multiple severe impairments, he continued the sequential evaluation process. (Tr. 19-24). The fact the ALJ did not find certain impairments to be severe is inconsequential.

Bentley specifically contends the ALJ did not consider her alleged depression, right foot pain due to a heel spur, hypertension, obstructive sleep apnea, and excessive drooling and sleeplessness due to her tongue impairment. (Doc. 9 at 34-35). To the contrary, the record shows that the ALJ thoroughly evaluated both Bentley's diabetic neuropathy and her tongue impairment, as she alleged disability based on these conditions. (Tr. 19-24, 40-50, 195-96). Additionally, the ALJ evaluated Bentley's mental functioning and found no limitations in any domain and considered her hypertension and found it medically managed. (Tr. 19). The ALJ also considered treatment notes stating Bentley may have obstructive sleep apnea. (Tr. 23, 419-20). Also, while

11

Bentley was diagnosed with a heel spur in 2009, that was years before the alleged disability onset and she continued to work during that time (tr. 176, 397), and Bentley points to nothing the ALJ failed to consider in that regard. The ALJ's evaluation of the evidence was sufficient, and his findings are supported by substantial evidence.

## VI. Conclusion

For the reasons set forth herein, and upon careful consideration of the administrative record and memoranda of the parties, the decision of the Commissioner of Social Security denying Bentley's claim for a period of disability and disability insurance benefits is **AFFIRMED** and this action **DISMISSED WITH PREJUDICE.**

DONE this 26th day of September, 2019.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE